IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| D. BRUCE OLIVER,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>DEPUTY LARRY G. NIELSON, et al.,<br><br>　　　　　　　Defendant. | **REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Case No. 1:16-cv-155-JNP-BCW<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Brooke Wells |

*Pro Se* Plaintiff D. Bruce Oliver ("Plaintiff")[1] filed his Complaint in the Second Judicial District for the State of Utah on June 27, 2016.[2] On October 3, 2016, Plaintiff filed his First Amended Complaint.[3] Defendants Deputy Larry G. Nielson, Sheriff Todd Richardson, Deputy Brent E. Peters, Deputy Kevin P. Fielding, Deputy M. Davis, Deputy Alan Black, Davis County Sheriff's Office, Davis County Jail, Davis County (collectively "Defendants") filed a Notice of Removal on October 28, 2016.[4] District Judge Jill Parrish referred this case to Magistrate Judge Brooke Wells[5] pursuant to 28 U.S.C. § 636(b)(1)(B).[6] Before the Court is Defendants' Rule 12(c) Motion for Judgement on the Pleadings ("Motion").[7] Plaintiff has filed an opposition to

---

[1] The Court notes that Plaintiff was admitted to practice law in the State of Utah in 1987, but his license has since been suspended. Based on Plaintiff's legal background and training, the leniency normally extended to *pro se* plaintiffs does not apply here.

[2] Docket no. 2-1.

[3] Docket no. 2-1.

[4] Docket no. 2.

[5] Following the recusal of Magistrate Judge Warner on January 9, 2017.  *See* Docket no. 5.

[6] Docket no. 6.

[7] Docket no. 7.

the Motion,[8] and Defendants have replied.[9] The Court finds that the pleadings filed by the parties are sufficient and no hearing on the Motion is necessary.

## BACKGROUND

Plaintiff alleges on June 25, 2012, he was in the parking lot of the Second Judicial District courthouse,[10] when he called out to his grandniece/granddaughter asking her to get in his car so they could leave.[11] Plaintiff was immediately approached by Deputy Larry G. Nielson ("Nielson"), and was told that his conduct was disorderly.[12] Plaintiff responded that he wasn't being disorderly, and Deputy Nielson countered that he would arrest Plaintiff if he kept it up.[13] Plaintiff mockingly made a noise and placed his hands behind his back, and Nielson handcuffed Plaintiff.[14] Nielson told Plaintiff he was under arrest for disorderly conduct, failure to disburse, and trespassing.[15] It is alleged that Deputy M. Davis and Deputy Alan Black assisted Nielson with the arrest.[16] Plaintiff alleges that he was detained at the courthouse for 45 minutes to an hour before being taken to the Davis County Jail, and then once at the jail his property was taken from him (including $200.00 in cash) during booking.[17] Upon being bailed out, Plaintiff claims

---

[8] Docket no. 8.

[9] Docket no. 11.

[10] Docket no. 2-1 (Amended Complaint), ¶ 11.

[11] *Id*.

[12] *Id*. at ¶ 12.

[13] *Id*. at ¶ 12-13.

[14] *Id*. at ¶ 13-14.

[15] *Id*. at ¶ 14.

[16] *Id*. at ¶ 16.

[17] *Id*. at ¶ 17-18.

that almost all the money taken from him was not returned.[18]  Plaintiff is seeking relief under 42 U.S.C. § 1983, 42 U.S.C. § 1988, and requests injunctive relief.[19]

Defendants bring this motion for judgment on the pleadings based on Plaintiff's failure to sufficiently plead and to state a claim for which relief can be granted.

## LEGAL STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure states "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "A motion under Rule 12(c) is reviewed under the same standard applicable to a motion under Rule 12(b)(6)."[20]  "Thus, we 'accept all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleadings in favor of the same.'"[21]  "In reviewing a motion to dismiss, this court must look for plausibility in the complaint."[22]  "Under this standard, a complaint must include 'enough facts to state a claim to relief that is plausible on its face.'"[23]

## ANALYSIS

### I. Claims against Davis County Jail and Davis County Sheriff's Office

In his opposition to Defendants' Motion, Plaintiff stipulates that his claims against Davis County Jail and Davis County Sheriff's Office should be dismissed. Accordingly, this Court

---

[18] *Id*. at ¶ 20.

[19] *Id*. at ¶ 26, 30, and 32.

[20] *Landmark American Ins. Co. v. VO Remarketing Corp.*, 619 F. App'x 705, 708 (10th Cir. 2015) (*citing Aspenwood Inv. Co. v. Martinez*, 355 F.3d 1256, 1259 (10th Cir. 2004)).

[21] *Landmark Am. Ins. Co.*, 619 F. App'x at 708 (citation omitted).

[22] *Marshall v. Wyoming Dept. of Corrections*, 592 F. App'x 713, 715 (10 Cir. 2014) (citation omitted).

[23] *Id*. (citations omitted).

recommends that all claims against Davis County Jail and the Davis County Sheriff's Office be DISMISSED.

### II. First Cause of Action against Deputies Peters, Fielding, Davis, and Black

Defendants claim that Plaintiff fails to articulate any alleged facts implicating Sheriff Richardson, Deputy Peters, and Deputy Fielding in his First Cause of Action. In Plaintiff's opposition to Defendant's Motion, he confirms that he did not intend to name Sheriff Richardson, Deputy Peters, and Deputy Fielding in his First Cause of Action. Therefore, this Court recommends that the First Cause of Action be DISMISSED against Sheriff Richardson, Deputy Peters, and Deputy Fielding.

Defendants also argue that although Deputy Black and Deputy Davis are named in the First Cause of Action, the alleged conduct of "assisting in the arrest and detention" of Plaintiff does not rise to the level of a violation of Plaintiff's Fourth or Fourteenth Amendment rights. In his First Amended Complaint, Plaintiff alleges the following: (1) that Defendant's Davis and Black assisted in his arrest and detention, (2) that Davis and Black, along with Nielson, detained Plaintiff in the Courthouse for 45-60 minutes before taking him to jail, and (3) upon taking him to jail Nielson, Davis and Black took his property that was not fully returned to him. Then in his First Cause of Action, Plaintiff asserts that Defendants Nielson, Black and Davis violated his Fourth Amendment protections against (1) unreasonable search and seizure and (2) unreasonable arrest. In analyzing whether Plaintiff's rights were violated by an unreasonable search and seizure at a later juncture, the Court will have to evaluate (1) "whether the detention was justified

4

at its inception,"[24] and (2) "whether the officer's actions were 'reasonably related in scope to the circumstances that first justified interference.'"[25]

Construing all facts plead by Plaintiff as true and granting all reasonable inferences to him, Plaintiff has sufficiently plead facts to question the lawfulness of his detention, arrest, and retention of his property.  Plaintiff's allegations that Defendants Black and Davis personally assisted in his arrest, detention, and confiscation of his property, which *may* later be found to have been unreasonable and a violation of the Fourth or Fourteenth Amendment, are allegations enough to prevent dismissal of Defendants Black and Davis at this point.

### III.     Plaintiff's Second Cause of Action

Defendants claim that Plaintiff's Second Cause of Action should be dismissed as it appears to seek relief solely under 42 U.S.C. § 1988 which does not create an independent right of action.  In Plaintiff's response, he clarified that he intended to include a reference to 42 U.S.C. § 1983 in addition to § 1988 and seeks to amend his Complaint.

Plaintiff's response explains that he solely seeks to amend to add a reference to § 1983 to his Second Cause of Action, providing Defendants with notice of his intent to amend.  Further, the deadline to amend pleadings has not yet passed and the Court "shall freely give leave when justice so requires."[26]  Here, where Plaintiff has inadvertently omitted a citation and the amendment is sought early on in the case, justice clearly calls for amendment rather than dismissal of the cause of action.  Therefore, the Court will construe Plaintiff's response as a

---

[24] *Neff v. Thompson*, 2014 WL 4851852 *7 (D. Utah 2014) (*citing Lundstrom v. Romero*, 616 F.3d 1108, 1120 (10th Cir. 2010)).

[25] *Id*. (*quoting United States v. Cervine*, 347 F.3d 865, 868 (10th Cir. 2003)).

[26] Federal Rules of Civil Procedure 15(a)(2).

motion to amend his complaint to add a reference to 42 U.S.C. § 1983 to the Second Cause of Action.

Accordingly, the Court GRANTS Plaintiff's motion to amend his Complaint, and Plaintiff shall file his Second Amended Complaint with the addition of 42 U.S.C. § 1983 to the Second Cause of Action within 30 days of the date of this Order.

### IV. Claims against Sheriff Richardson

To state a viable civil rights claim under 42 U.S.C. § 1983 a plaintiff must allege facts showing an "affirmative link" between the harm allegedly suffered and the actions of each named defendant.[27] Moreover, liability for civil rights violations cannot be based on *respondeat superior*; in other words, a defendant may not be held liable merely because of his or her supervisory position.[28] Thus, administrative or supervisory officials cannot be named as defendants in a § 1983 action without specific allegations showing that they were personally and directly involved in violating the plaintiff's rights.

Here, Plaintiff named Sheriff Richardson but failed to allege in any way that he was personally and directly involved in violating Plaintiff's rights. Accordingly, it is recommended that all claims against Sheriff Richardson be DISMISSED.

### V. Claims against Davis County

"The Supreme Court has limited the liability of municipalities under § 1983, stating that 'a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a

---

[27] *Anaya v. Crossroads Managed Care Sys. Inc.*, 973 F. Supp. 1228, 1248 (D. Colo. 1997) (citation omitted), *rev'd on other grounds*, 195 F.3d 584 (10th Cir. 1999).

[28] *See West v. Atkins,* 487 U.S. 42, 54 n. 12 (1988); *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) ("[S]upervisor status by itself is insufficient to support liability. . . . Rather, '[p]ersonal participation is an essential allegation in a § 1983 claim.'") (internal citation omitted).

municipality cannot be held liable under § 1983 on a *respondeat superior* theory.'"[29]  "Instead… [the Court has] required a plaintiff seeking to impose liability on a municipality to identify a municipal 'policy' or 'custom' that caused plaintiff's injury."[30]  To successfully sue a municipality under § 1983, Plaintiff must plead "three elements: (1) official policy or custom, (2) causation, and (3) state of mind."[31]  "A plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights."[32]

"A challenged practice may be deemed an official policy or custom for § 1983 municipal-liability purposes if it is a formally promulgated policy, a well-settled custom or practice, a final decision by a municipal policymaker, or deliberately indifferent training or supervision."[33]  In addition to identifying a policy or custom, Plaintiff must also "demonstrate a direct causal link between the municipal action and the deprivation of federal rights."[34]  Here, Plaintiff has not alleged any facts showing a Davis County policy or custom that was the moving force behind his alleged mistreatment.  Plaintiff has not pleaded sufficiently to meet the required elements to support a claim against Davis County.

---

[29] *Yanez v. Richardson*, 2013 WL 1619929 *3 (D. Utah) (*quoting Monell v. N.Y.C. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978)).

[30] *Yanez*, 2013 WL 1619929 *3 (*quoting Bd. Of Cnty. Comm'rs v. Brown*, 520 U.S. 397,403 (1997)).

[31] *Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 769 (10th Cir. 2013).

[32] *Yanez*, 2013 WL 1619929 *3 (*citing Bd. Of Cnty. Comm'rs,* 520 U.S. at 404).

[33] *Schneider*, 717 F.3d at 770 (citation omitted).

[34] *Id*. (citation omitted).

Since Plaintiff's Complaint does not contain sufficient allegations to support a claim against Davis County, this Court recommends that all claims against Davis County be DISMISSED.

### VI.     Claim for Injunctive Relief

"Standing for retrospective relief may be based on past injuries, whereas [Plaintiff's] claims for prospective relief require a continuing injury."[35]  "[T]he Supreme Court has explained that, '[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief … if unaccompanied by any continuing, present adverse effects.'"[36]

Here, Plaintiff has alleged facts supporting his claims for retrospective relief for his alleged injuries in his first and second causes of action.  However, Plaintiff has failed to sufficiently plead facts that show there is a continuing injury that would support injunctive relief.  This Court finds, based on the facts plead in his Complaint, that Plaintiff does not meet the required standing for injunctive relief.  Accordingly, this Court recommends that Plaintiff's Third Cause of Action for injunctive relief be DISMISSED.

### RECOMMENDATION

For the foregoing reasons, the undersigned hereby RECOMMENDS that

1)     all claims against Davis County Jail, Davis County Sheriff's Office, Davis County, and Sheriff Richardson be DISMISSED;

2)     the First Cause of Action be DISMISSED against Deputy Peters and Deputy Fielding;

---

[35] *PETA v. Rasmussen*, 298 F.3d 1198, 1202 (10th Cir. 2002) (citation omitted).

[36] *Auvaa v. City of Taylorsville*, 506 F.Supp.2d 903, 916 (D. Utah 2007) (*citing PETA,* 298 F.3d at 1202 (citation omitted)).

      3)      Plaintiff's motion to amend his Complaint be GRANTED, and that Plaintiff shall file his Second Amended Complaint with the addition of 42 U.S.C. § 1983 to the Second Cause of Action within 30 days of the date of this Order; and

      4)      Plaintiff's Third Cause of Action for injunctive relief be DISMISSED.

## NOTICE

The Court will send copies of this Report and Recommendation to all parties, who are hereby notified of their right to object.[37] The parties must file any objection to this Report and Recommendation within fourteen (14) days of service thereof.[38] Failure to object may constitute waiver of objections upon subsequent review.

      DATED this 8 June 2017.

                                              */s/ Brooke C. Wells*
                                              Brooke C. Wells
                                              United States Magistrate Judge

---

[37] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[38] *Id.*