D. Bruce Oliver
Plaintiff, Pro-Se
55 South Main
P.O. Box 146
Mayfield, UT 84643
Phone: 801-698-9855

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | | |
|---|---|---|
| D. BRUCE OLIVER<br>Plaintiff, | : | **SECOND AMENDED COMPLAINT** |
| V. | : | |
| Deputy Larry G. Nielson<br>Sheriff Todd Richardson<br>Deputy Brent E. Peters<br>Deputy Kevin P. Fielding<br>Deputy M. Davis<br>Deputy Alan Black<br>Davis County Sheriff's Office<br>Davis County Jail<br>Davis County<br>John Does 1 - 10<br>Jane Does 1 – 10<br>Black Corporations<br>And/or entities 1 – 10 | :<br><br>:<br><br>:<br><br>:<br><br>:<br><br>: | **Civil No. 1:16-cv-00155**<br><br>**Judge Jill N. Parrish** |
| Defendants. | | |

Comes now The Plaintiff, above named, pro se, and as and for a Cause of Action against the Defendants, above named allege as follows:

1. That all events alleged herein took place in Davis County, state of Utah.

2. This court has jurisdiction to hear the matter and this is the Court with proper venue.

3. That all conduct and events alleged herein took place in Davis County, State of Utah.

## PARTIES

4. Plaintiff, D. Bruce Oliver (hereinafter Bruce or Plaintiff) is a citizen of the State of Utah.

5. Defendants, Deputy Larry G. Nielson, Sheriff Todd Richardson, Deputy Brent E. Peters, Deputy Kevin P. Fielding, Deputy M. Davis and Deputy Alan Black are law enforcement officers, employed by Davis County Sheriff's Office.

6. Davis County Sheriff's Office is an entity under Davis County, a political subdivision of The State of Utah, The Davis County Jail is a division of the Davis County Sheriff's Department.

7. Defendant, Davis County is a municipal corporation and is a political subdivision of The State of Utah. As part of its corporate powers, and at all times relevant herein, Davis County maintained Davis County Sheriff's Department and Davis County Jail, as well as, any and all persons under their employ.

8. John and Jane Does 1 – 10 and Black Corporations 1 – 10, are employees within Davis County who either assisted named Defendants in the course of conduct wherein Plaintiff now complains, or are supervisors or other individuals who established policies, procedures or customs, who may have been liable for some of the actions set forth herein, or who may have been conspirators as set forth herein. Plaintiff have made attempts to ascertain their identities, but some are still unknown. Plaintiff reserves the right to amend his Complaint to reflect these entities as they become known, or simply to serve notice of their names.

9. This action is brought against the named individuals in their individual capacities and, where applicable, in their supervisory capacities. Their authority to act was derived from Utah State law and their own authority and/or commands or directives of their supervisors. All of these acts of the individuals and entities listed in the preceding paragraphs were performed under color of State laws, statutes, ordinances, regulations, [policies, customs, and usages of the State of Utah and Davis County.

10. This action is brought against Davis County as a "person" liable under 42 U.S.C. § 1983.

## FACTS

11. That on June 25, 2012, Bruce was in the parking lot of the Second District Courthouse in Davis County. He was leaning against the hood of his own vehicle when he called out to his grandniece/granddaughter, E.P. to get into his vehicle so they could leave.

12. Bruce was immediately approached from his right, rear side by Defendant, Deputy Larry G. Nielson (hereinafter "Nielson"), and was told by Nielson that his conduct was disorderly, to which, Bruce responded that is wasn't.

13. Nielson then said, if you keep it up, I will arrest you. Bruce, then, without uttering a sound, and in a mocking gesture, placed his hands behind his back.

14. Nielson then placed handcuffs on Bruce, and as he was forcing Bruce in to the Courthouse building, told him that he was under arrest for disorderly conduct and failure to disburse. He also told Bruce that he was trespassed from the Courthouse property.

15. The citation issues by Nielson was for Disorderly Conduct on a bus.

16. That Deputy M. Davis (hereinafter "Davis") and Deputy Alan Black (hereinafter "Black") assisted in the arrest and detention of Bruce.

17. That Bruce was detained by Nielson, Davis and Black, in the Courthouse for, between 45 minutes to an hour, prior to being taken to the Davis County Jail.

18. That when Bruce was in the jail, the Deputies there, took his property from him in preparation for booking him into jail, which included an amount of money of about $200.00. in addition, the Deputies asked numerous personal and invasive questions of Bruce.

19. That after Bruce was booked into jail, bail was set and Bruce was then bailed out of jail.

20. That when Bruce bailed out, some of his property was returned to him; however, the Davis County Jail and Davis County Sheriff's Office has never returned, almost all of the money seized from him.

21. Defendants violation of Bruce's Fourth Amendment rights have caused Plaintiff serious personal, emotional, and psychological distress. The Defendant's actions were demeaning, humiliating and embarrassing and caused extreme mental and emotional distress.

22. Defendants conduct was under color of law and clearly violated established Constitutional and statutory rights and protection of which a reasonable person and officer of the law would be aware. The Deputies action(s) were objectively unseasonable.

### FIRST CAUSE OF ACTION

23. Plaintiff reincorporates paragraphs 1 – 22, as if fully stated herein.

24. As a direct and proximate result of the above referenced, unlawful search and seizure of Bruce and his property committed under color of law in their capacity as Davis County Deputies, Bruce was deprived of his right to be secure in his person against unreasonable seizure of his person, in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States.

25. Defendants acted under the color and pretense of Utah State Law, while defendants knew that their actions violated Bruce's right to be free from an unlawful search and seizure, and yet the Defendants proceeded to violate his rights. The illegality of Defendants actions were well established at the time they arrested Bruce.

26. As a direct and proximate result of Defendants' malicious and outrageous conduct, Bruce was injured personally, emotionally and psychologically. Which conduct is actionable under 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

### SECOND CAUSE OF ACTION

27. Plaintiff reincorporates paragraphs 1 – 26 as if fully stated herein.

28. As a direct and proximate result of Defendants, Sheriff Todd E. Richardson (hereinafter "Richardson") Deputy Brent E. Peters (hereinafter "Peters"), Deputy Kevin P. Fielding (hereinafter "Fielding"), Davis County Sheriff's Office, Davis County Jail, and Davis

County's unlawful search and seizure of Bruce's money committed under color of law in their capacities as Davis County governmental agencies and, as well as, their capacity as Davis County law enforcement, Bruce was deprived of his right to be secure in his person and property in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States

29. Defendants acted under color and pretense of Utah State Law, while Defendants knew that their actions violated Bruce's right to be free of unlawful search and seizure, but proceeded to violate his rights. The illegality of Defendants actions were well established at the time they arrested Bruce.

30. That as a direct and proximate result of Defendants intentional, malicious and outrageous conduct, Bruce's property was seized and not returned to him, which is a clear violation of the Constitution of the United States. Because Defendants acted under the color of law, Plaintiff has Cause Of Action, under 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

### THIRD CAUSE OF ACTION

31. Plaintiff reincorporates paragraph 1 – 30 as if fully stated herein.

32. That Defendants conduct is ongoing and unlawful and they should be restrained from continuing said illegal and unconstitutional conduct.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

## PRAYER FOR RELIEF

Wherefore Plaintiff prays for Judgment against Defendants as follows:

1. For general and compensatory damage in an amount of, not less than, $1,000,000.00.
2. For Plaintiff's costs, including attorney's fees, pursuant to 42 U.S.C. § 1988.
3. For a restraining order against Defendants.
4. For such other relief as the Court deems reasonable and just in the premises.

DATED this 11th day of August, 2017

/s/ D. Bruce Oliver

D. Bruce Oliver
Plaintiff, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was served this 11th day of August, 2017, via email to the following people:

R. Blake Hamilton – bhamilton@djplaw.com
Ashley M. Gregson – agregson@djplaw.com

/s/ Michael Oliver

Bruce Oliver
P.O. Box 146
Mayfield Utah
84643

US District Court
351 South West Temple
SLC Utah 84101

9410181908