IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| D. BRUCE OLIVER,<br><br>                     Plaintiff,<br><br>v.<br><br>DEPUTY LARRY G. NIELSON, DEPUTY BRENT E. PETERS, DEPUTY KEVIN P. FIELDING, DEPUTY M. DAVIS, DEPUTY ALAN BLACK, JOHN DOES 1-10,<br><br>                     Defendant. | **REPORT AND RECOMMENDATION DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT and DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO RULE 59**<br><br>Case No. 1:16-cv-155-JNP-BCW<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Brooke Wells |

*Pro se* Plaintiff D. Bruce Oliver ("Plaintiff")[1] filed his Motion to Amend Complaint Pursuant to Rule 15 and Motion to Alter or Amend Judgment Pursuant to Rule 59 ("Motion") on August 18, 2017.[2] Defendants opposed Plaintiff's Motion,[3] and Plaintiff replied.[4] This matter was referred to Magistrate Judge Brooke Wells by District Judge Jill Parrish pursuant to 28 U.S.C. § 636(b)(1)(B).[5] The Court has carefully reviewed the memoranda submitted by the parties. Pursuant to DUCivR 7-1(f), this Court has determined that oral argument on the Motion is unnecessary and will determine the Motion on the basis of the written memoranda.

---

[1] The Court notes that Plaintiff was admitted to practice law in the State of Utah in 1987, but his license has since been suspended. Based on Plaintiff's legal background and training, the leniency normally extended to *pro se* plaintiffs does not apply here.

[2] Docket no. 18.

[3] Docket no. 21.

[4] Docket no. 22.

[5] Docket no. 5 and 6.

### I.     Motion to Amend Complaint

In Plaintiff's Motion he seeks leave of the Court under Rule 15 to file an Amended Complaint.  It appears Plaintiff seeks to amend his Second Amended Complaint[6] to add a § 1983 claim against Davis County and Sheriff Richardson, pursuant to *Monell v. Dept. of Social Servs. of City of New York*.[7]  Rule 15(a)(2) states "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Under local rule DUCivR 15-1, "[p]arties moving under FRCP 15-1[8] to amend a complaint must attached the proposed amended complaint as an exhibit to the motion for leave to file."

The Tenth Circuit has found that a Court may deny a motion to amend a complaint for failure to submit the proposed amendment.[9]  Without attaching the proposed amendment, it is "impossible for the court to determine its viability."[10]  "[A] request for leave to amend must give adequate notice to the district court and to the opposing party of the basis of the proposed

---

[6] Docket no. 19 (filed in accordance with this Court's Report and Recommendation (Docket no. 13) allowing Plaintiff to add a reference to 42 U.S.C. § 1983 to his Second Cause of Action).

[7] *See* 436 U.S. 658 (1978).  Under *Monell*, "a municipality can be found liable under §1983 only where the municipality *itself* causes the constitutional violation at issue. *Respondeat superior* or vicarious liability will not attach under §1983. . . . It is only when the 'execution of the government's policy or custom … inflicts the injury' that the municipality may be held liable under §1983." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 387 (1989) (citations omitted).

[8] Plaintiff argues that he was not required to file a copy of the proposed amended complaint because his motion was filed under FRCP 15(a)(2) and the local rule cites to FRCP 15-1. *See* Docket no. 22, p. 2.  It appears that there is a scrivener's error in the local rule as there is no FRCP 15-1, and should instead read FRCP 15.  This error is clarified by the remainder of the rule which discusses the procedure for when a party moves to amend a complaint.  A party does not need to move the court under FRCP 15(a)(1) as that rule provides for amendment as a matter of course, and only FRCP 15(a)(2) requires a party to move the court for leave to amend.  Thus the local rule, when read in conjunction with FRCP 15, clearly applies to FRCP 15(a)(2), and a proposed amended complaint must be attached to a motion seeking leave to amend.

[9] *See Lambertsen v. Utah Dept. of Corrections*, 79 F.3d 1024, 1029 (10th Cir. 1996).

[10] *Id.*

amendment before the court is required to recognize that a motion for leave to amend is before it."[11]  This "requirement of notice merely assures that '[w]e do not require district courts to engage in independent research or read the minds of litigants to determine if information justifying the amendment exists."[12]

Here, Plaintiff has failed to file the proposed amended complaint as an exhibit to his Motion.  Plaintiff only attached a notice of claim that he allegedly sent to the Davis County Clerk outlining his grievance related to how his money was returned to him after being booked into jail.  The facts alleged in the notice of claim contradict the facts alleged in Plaintiff's First and Second Amended Complaints, which state "Davis County Jail and Davis County Sheriff's Office has never returned, almost all of the money seized from [Plaintiff]."[13]  In his First and Second Amended Complaints, Plaintiff has not alleged any facts related to the "pre-paid" card mentioned in the notice of claim.  Further, Plaintiff has not pled facts sufficient to establish a "policy or custom" that violated a federally protected right.  The Court is unable to ascertain the merits of the proposed amendment because Plaintiff failed to attach the proposed amended complaint to his Motion, and the notice of claim presented does not present sufficient facts to establish a § 1983 claim for municipal liability.

Accordingly, this Court recommends that Plaintiff's Motion to Amend Complaint be DENIED, without prejudice.  For clarity, should Plaintiff choose to refile his motion for leave to amend the complaint, Plaintiff is ORDERED to attach a copy of his proposed amended complaint to such motion.

---

[11] *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186-87 (10th Cir. 1999).

[12] *Id.* (citation omitted).

[13] Docket no. 19, ¶ 20.

## II.     Motion to Alter or Amend Judgment

Plaintiff seeks relief from the District Judge's Order[14] adopting this Court's Report and Recommendation ("R&R").[15]  The Plaintiff cites two bases for his requested relief: (1) he did not receive the R&R, thus he could not file a timely objection to it, and (2) "there are facts in the [R&R] which are incorrect."[16]

"The Federal Rules of Civil Procedure provide that a postjudgment motion may 'aris[e] under either Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment for mistake or other reason)."[17]  "The[se] two rules serve different purposes and produce different consequences, both substantive and procedural."[18] Where a "Rule 59(e) motion is normally granted 'only to correct manifest errors of law or to present newly discovered evidence,'"[19] Rule 60(b), on the other hand, allows the "court to reopen the judgment based on counsel's mistake, inadvertence, or excusable neglect"[20] or "any other reason that justifies relief."[21]

Here, Plaintiff seeks relief under Rule 59(e).  "Rule 59(e) relief is appropriate only where "the court has misapprehended the facts, a party's position, or the controlling law."[22]  Plaintiff

---

[14] Docket no. 16.

[15] Docket no. 13.

[16] Docket no. 18.

[17] *Jennings v. Rivers*, 394 F.3d 850, 854 (10th Cir. 2005).

[18] *Id*. (*citing Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988)).

[19] *Id*. (*citing Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1186 n. 5 (10th Cir. 2000)).

[20] *Id*.

[21] FRCP 60(b)(6).

[22] *Barber ex rel. Barber v. Colorado Dept. of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (citation omitted).

claims that "there are facts in the [R&R] which are incorrect."[23]  To support this claim, Plaintiff argues that the facts in the R&R do not accurately reflect the facts alleged in the notice of claim attached to his Motion.[24]  However, the facts in this Court's R&R were based on the facts presented in Plaintiff's pleadings before the Court, i.e. Plaintiff's First Amended Complaint.  As noted above, the Plaintiff's First and Second Amended Complaint allege facts different from those in the notice of claim.  It is Plaintiff's fault that he inaccurately plead the facts, and not this Court's misapprehension of those facts, which lead to this Court's decision that Plaintiff now seeks to have altered and amended.   Therefore, Plaintiff has failed to show that this Court misapprehended the facts, a party's position, or the controlling law, based on the pleadings that were before the Court at the time of the ruling.

Plaintiff also requests that the District Judge's Order be altered or amended since he did not have an opportunity to file an objection to the R&R because he did not receive notice of the R&R.  This is not a basis for relief under Rule 59(e).  Even construing this argument under Rule 60(b) is not helpful to Plaintiff.[25]  "Relief under Rule 60(b) is 'extraordinary and may only be granted in exceptional circumstances.'"[26]  "In narrow circumstances, Rule 60(b) relief may be granted when 'a litigant has, through no fault of his own, failed to receive notice of entry of judgment, and has shown that he exercised due diligence to ascertain whether the judgment has

---

[23] Docket no. 18.

[24] The notice of claim was not before the Court when the R&R and Order adopting the R&R were issued.

[25] Since Plaintiff's Motion "never cited Rule 60(b) or used the terms 'mistake, inadvertence or excusable neglect,' or any other language invoking Rule 60(b)'s subsection" this Court is not required to construe Plaintiff's arguments under Rule 60(b). *Santistevan v. Colorado School of Mines,* 150 Fed. App'x 927,932-33 (10th Cir. 2005).  That said, this Court will address Plaintiff's implicit Rule 60(b) argument that he should be relieved from the District Judge's Order because he did not receive notice of the R&R.

[26] *In re Fisher,* 2:15cv858-JNP, 2016 WL 3962931 *2 (D. Utah, July 20, 2016) (*citing Manzanares v. City of Albuquerque,* 628 F.3d 1237, 1241 (10th Cir. 2010) (citation omitted)).

been entered.'"[27]  Here, however, the Notice of Electronic Filing ("ECF") for the R&R indicates that notice was sent to Plaintiff at the address he provided to the court, and it is the same address that the Order adopting the R&R was sent to and received at.  Further, no mail addressed to Plaintiff has been returned to the Court as undeliverable.  Plaintiff has failed to present circumstances beyond his control that precluded him from receiving notice of or timely opposing the R&R.  Thus, Plaintiff's argument that he did not receive notice of the R&R is without merit.[28]

Accordingly, this Court recommends that Plaintiff's Motion to Alter or Amend Judgment under Rule 59 be DENIED.

## ORDER

Based on the foregoing, this Court hereby RECOMMENDS that Plaintiff's Motion to Amend Complaint be DENIED, and Plaintiff's Motion to Alter or Amend Judgment be DENIED.

DATED this 31 October 2017.

*[signature]*
Brooke C. Wells
United States Magistrate Judge

---

[27] *In re Fisher,* 2016 WL 3962931 *2 (*citing Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000)).

[28] *See In re Fisher,* 2016 WL 3962931 *2 (Where "service list" indicated notice was sent to Counterclaimants at the address they provided the court, and they failed to present circumstances beyond their control, Counterclaimants' argument that they did not receive notice of the report and recommendation was without merit.)

## NOTICE

The Court will send copies of this Report and Recommendation to all parties, who are hereby notified of their right to object.[29] The parties must file any objection to this Report and Recommendation within fourteen (14) days of service thereof.[30] Failure to object may constitute waiver of objections upon subsequent review.

---

[29] *See* 28 U.S.C. § 636(b)(1); FRCP 72(b).

[30] *Id*.

United States District Court
for the
District of Utah
October 31, 2017

******MAILING CERTIFICATE OF THE CLERK******

RE:   Oliver v. Nielson et al
      1:16-cv-00155-JNP-BCW

**D. Bruce Oliver**
55 S MAIN
PO BOX 146
MAYFIELD, UT 84643
Via U.S. Mail

**R. Blake Hamilton**
DURHAM JONES & PINEGAR
111 S MAIN ST STE 2400
PO BOX 4050
SALT LAKE CITY, UT 84110-4050
Via Electronic Service

**Ashley M. Gregson**
DURHAM JONES & PINEGAR
111 S MAIN ST STE 2400
PO BOX 4050
SALT LAKE CITY, UT 84110-4050
Via Electronic Service

__/s/ Deborah Aston_____
Deborah Aston