R. BLAKE HAMILTON (Bar No. 11395)
ASHLEY M. GREGSON (Bar No. 13716)
**DURHAM JONES & PINEGAR, P.C.**
111 S. Main Street, Suite 2400
PO Box 4050
Salt Lake City, UT 84110-4050
Telephone: (801) 415-3000
Facsimile: (801) 415-3500

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

| | |
|---|---|
| D. BRUCE OLIVER,, <br><br> Plaintiff, <br><br> v. <br><br> DEPUTY LARRY G. NIELSON, SHERIFF TODD RICHARDSON, DEPUTY BRENT E. PETERS, DEPUTY KEVIN P. FIELDING, DEPUTY M. DAVIS, DEPUTY ALAN BLACK, DAVIS COUNTY SHERIFF'S OFFICE, DAVIS COUNTY JAIL, DAVIS COUNTY, JOHN DOES 1-10, JANE DOES 1-10, BLACK CORPORATIONS AND/OR ENTITIES 1-10, , <br><br> Defendants. | **DEFENDANTS NIELSON, DAVIS, AND BLACK'S AMENDED ANSWER TO SECOND AMENDED COMPLAINT AND JURY DEMAND** <br><br><br> Case No. 1:16-cv-00155 <br> Judge Jill N. Parrish |

Defendants Deputy Larry G. Nielson, Deputy M. Davis, and Deputy Alan Black (collectively "Defendants"), hereby submit this Amended Answer to the Second Amended Complaint (Doc. 19) by and through their undersigned counsel.

## FIRST DEFENSE

The Second Amended Complaint fails to state a claim against Defendants upon which relief may be granted.

## SECOND DEFENSE

Answering the allegations contained in the numbered paragraphs in the Second Amended Complaint, Defendants admit, deny, and allege as follows:

## JURISDICTION AND VENUE

1. Answering paragraphs 1, 2, and 3, Defendants admit that this Court has jurisdiction and that venue is proper, but deny the remaining allegations in paragraphs 1, 2, and 3.

## PARTIES

2. Answering paragraph 4, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 4.

3. Answering paragraph 5, Defendants admit that during the relevant time period, Defendants Nielson, Richardson, Peters, Fielding, Davis, and Black were employed by Davis County Sheriff's Office. Defendants deny the remaining allegations in paragraph 5.

4. Answering paragraph 6, Defendants admit that Defendants Davis County Sheriff's Office and Davis County Jail are organized and exist under the laws of the State of Utah. Defendants deny the remaining allegations in paragraph 6.

5. Answering paragraph 7, Defendants admit that Defendant Davis County is organized and exists under the laws of the State of Utah. Defendants deny the remaining allegations in paragraph 7.

6. Answering paragraph 8, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8.

7. Answering paragraph 9, Defendants object as this as it contains one or more legal conclusions and does not require a response. Subject to, and without waiving this objection, Defendants deny the allegations in paragraph 9.

8. Answering paragraph 10, Defendants object to Plaintiff's use of quotation marks as it is not clear what Plaintiff purports to be quoting from. Subject to, and without waiving, this objection, Defendants deny the allegations in paragraph 10.

**FACTS**

9. Answering paragraph 11, Defendants admit that Plaintiff was in the parking lot of the Second District Courthouse in Farmington, Utah on June 25, 2012. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 11.

10. Answering paragraphs 12 and 13, Defendants deny the allegations in paragraphs 12 and 13.

11. Answering paragraph 14, Defendants admit that Deputy Nielson arrested Plaintiff for Disorderly Conduct and gave a verbal trespass warning. Defendants deny the remaining allegations in paragraph 14.

12. Answering paragraph 15, Defendants deny the allegations in paragraph 15.

13. Answering paragraph 16, Defendants object as they contain one or more legal conclusions and do not require a response. Subject to, and without waiving this objection, Defendants deny the allegations in paragraph 16.

14. Answering paragraphs 17 and 18, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraphs 17 and 18.

15. Answering paragraph 19, Defendants admit the allegations in paragraph 19.

16. Answering paragraph 20, Defendants deny the allegations in paragraph 20.

17. Answering paragraphs 21 and 22, Defendants object as they contain one or more legal conclusions and do not require a response. Subject to, and without waiving this objection, Defendants deny the allegations in paragraphs 21 and 22.

## FIRST CAUSE OF ACTION

18. Answering paragraph 23, Defendants incorporate by reference their previous responses to paragraphs 1 through 22.

19. Answering paragraph 24, Defendants object as one or more of the allegations in this paragraph are legal argument and/or conclusions and do not require a response. Subject to, and without waiving this objection, Defendants deny the allegations in paragraph 24.

20. Answering paragraph 25, Defendants admit that Davis County Deputies were acting in the course and scope of his employment and under color of state law. Defendants deny the remaining allegations in paragraph 25.

21. Answering paragraph 26, Defendants object as one or more of the allegations in this paragraph are legal argument and/or conclusions and do not require a response. Subject to, and without waiving this objection, Defendants deny the allegations in paragraph 26.

## SECOND CAUSE OF ACTION

22. Answering paragraph 27, Defendants incorporate by reference their previous responses to paragraphs 1 through 26.

23. Answering paragraph 28, Defendants object as one or more of the allegations in this paragraph are legal argument and/or conclusions and do not require a response. Subject to, and without waiving this objection, Defendants deny the allegations in paragraph 28.

24. Answering paragraph 29, Defendants admit that Davis County Deputies were acting in the course and scope of his employment and under color of state law. Defendants deny the remaining allegations in paragraph 29.

25. Answering paragraph 30, Defendants object as one or more of the allegations in this paragraph are legal argument and/or conclusions and do not require a response. Subject to, and without waiving this objection, Defendants deny the allegations in paragraph 30.

### THIRD CAUSE OF ACTION

26. Answering paragraph 31, Defendants incorporate by reference their previous responses to paragraphs 1 through 30.

27. Answering paragraph 32, Defendants object as one or more of the allegations in this paragraph are legal argument and/or conclusions and do not require a response. Subject to, and without waiving this objection, Defendants deny the allegations in paragraph 32.

28. Defendants deny any and all factual allegations not specifically answered herein.

### AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiff's Causes of Action, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part, as Defendants did not violate a constitutional, statutory or common law right, privilege or immunity of the Plaintiff.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part as any and all actions or inactions on the part of Defendants do not violate clearly established law, were objectively reasonable, and therefore Defendants have qualified immunity from suit.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims against Defendants are barred in whole or in part as Defendants' actions were not pursuant to any unconstitutional policy, custom, usage, rule or regulation.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against Defendants are barred in whole or in part because Plaintiff has suffered no compensable injury or damage as a result of Defendants' conduct.

**FIFTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff failed to mitigate his damages, if any, any potential recovery under such claims advanced by Plaintiff's Second Amended Complaint should be barred or appropriately reduced.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because any damages sustained as alleged in the Second Amended Complaint were caused, in whole or in part, by the acts or omissions of Plaintiff and/or third parties over whom the Defendants had no control or right of control.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Defendants acted in good faith, without malice and without the intent to violate the Plaintiff's civil rights.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of sovereign immunity, governmental immunity, qualified immunity, and prosecutorial immunity.

**NINTH AFFIRMATIVE DEFENSE**

Defendants are immune from any claims under the provisions of the Governmental Immunity Act of Utah, including, but not limited to, §§ 63G-7-201 and -301. Moreover, Plaintiff's claims are barred, in whole or in part, by his failure to strictly comply with all applicable provisions of the Governmental Immunity Act of Utah, including but not limited to Utah Code Ann. §§ 63G-7-101 to 904.

**TENTH AFFIRMATIVE DEFENSE**

Defendants are entitled to an award of costs and attorneys' fees in defense of this action pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1927.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, and/or laches.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for punitive damages are specifically barred in whole or in part by Utah Code Ann., §§ 63G-7-603 and 904.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, pursuant to Plaintiff's comparative negligence and should be apportioned under Utah Code Ann. §§ 78B-5-817 through 78B-5-821.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the governing statute of limitations.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendants state that they have, or may have, further and additional affirmative defenses that are not yet known, which may become known through future discovery. Defendants assert each and every affirmative defense as it may be ascertained through future discovery in this matter.

**JURY DEMAND**

Defendants demand a jury trial in this matter.

WHEREFORE, having fully answered Plaintiff's Second Amended Complaint, Defendants pray that the same be dismissed, no cause of action, and that they be awarded their costs herein, including attorneys' fees allowed by law, and such other relief as this Court deems appropriate.

DATED this 4th day of January, 2018.

**DURHAM JONES & PINEGAR, P.C.**

/s/ R. Blake Hamilton
R. BLAKE HAMILTON
ASHLEY M. GREGSON
Attorneys For Defendants

## CERTIFICATE OF SERVICE

I certify that I served a copy of **AMENDED ANSWER TO SECOND AMENDED COMPLAINT** was served this 4th day of January, 2018, via Utah District Court electronic filing system upon the following people, with a copy sent **via U.S. Mail** to:

D. Bruce Oliver
55 South Main
P.O. Box 146
Mayfield, UT 84643

/s/ Melani Thatcher