IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| D. BRUCE OLIVER,<br><br>     Plaintiff,<br><br>v.<br><br>DEPUTY LARRY G. NIELSON, DEPUTY BRENT E. PETERS, DEPUTY KEVIN P. FIELDING, DEPUTY M. DAVIS, DEPUTY ALAN BLACK, JOHN DOES 1-10,<br><br>     Defendants. | **REPORT AND RECOMMENDATION DENYING PLAINTIFF'S MOTION TO AMEND SECOND AMENDED COMPLAINT AND GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Case No. 1:16-cv-00155-JNP-BCW<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Brooke Wells |

Plaintiff D. Bruce Oliver (Mr. Oliver), *pro se*, moves the court for leave to amend his *Second Amended Complaint* past the amendment deadline. (ECF No. 28.) Defendants move the court to dismiss the *Second Amended Complaint* on behalf of the following defendants: Deputy Larry G. Nielson,[1] Sheriff Todd Richardson, Deputy Brent Peters, Deputy Kevin Fielding, Davis County Sheriff's Office, Davis County Jail and Davis County (collectively Defendants). (ECF No. 31.) This matter is referred to the undersigned in accordance with 28 U.S.C. 636(b)(1)(B) by Judge Jill N. Parrish. (ECF No. 6.) The court finds the papers filed by the parties sufficient and thus no hearing for either motion is necessary.

## BACKGROUND

This action is based on alleged violations of 42 U.S.C. §1983. On June 27, 2016, Mr. Oliver commenced this action in the Second District Court for Davis County. (ECF No. 2-1, at 2-9.) Mr. Oliver filed a *First Amended Complaint* in September 2016. (ECF No. 2-1, at 18-23.)

---

[1] The Court's Order did not dismiss Deputy Nielson, and Defendants have since included him in their Amended Answer to Plaintiff's Second Amended Complaint.

Defendants proceed to remove the action to this court in October 2016, and filed an *Answer* and a *Motion for Judgment on the Pleadings*. (*See* ECF Nos. 2, 3 and 7, respectively.)

On June 6, 2017, this court issued a *Report and Recommendation on Defendants' Motion for Judgment on the Pleadings* (R&R). (ECF No. 13.)  In that R&R this court recommended as follows: (1) all claims against Davis County Jail, Davis County Sheriff's Office, Davis County and Sheriff Richardson be dismissed; (2) the First Cause of Action against Deputy Fielding and Deputy Peters be dismissed; (3) Mr. Oliver be allowed to amend his original Complaint to add a reference to 42 U.S.C. §1983 to the Second Cause of Action; and (4) Mr. Oliver's Third Cause of Action for injunctive relief be dismissed. (*See id*. at 8-9) After the time to object had expired, Judge Parrish reviewed the R&R and issued an Order adopting this court's recommendations in full on July 31, 2017 (July Order).  (ECF No. 16.)  A month later, the court issued a *Scheduling Order and Order Vacating Hearing* setting the final day to file motions to amend pleadings on November 28, 2017, and close of fact discovery of April 28, 2018. (ECF No. 20.)

On August 18, 2017, Mr. Oliver filed a Second Amended Complaint adding the reference to 42 U.S.C §1983 to the Second Cause of Action, however, the causes of actions and/or parties dismissed from the lawsuit pursuant to Judge Parrish's July Order were not removed.  *See* ECF No. 19.  On the same day Mr. Oliver also filed a *Motion to Amend Complaint Pursuant to Rule 15 and Motion to Alter or Amend Judgment Pursuant to Rule 59*, arguing he had not received a copy of the R&R and thus requesting he be allowed to modify the complaint to more accurately reflect the allegations in his Notice of Claim; he also claimed the R&R did not accurately reflect the facts alleged in the Notice of Claim. (ECF No. 18.) A proposed amended complaint was not attached to the motion.  Notably, the undated Notice of Claim does not contain factual

allegations or any references of unreasonably long detention, violation of freedom of speech or violation of freedom of assembly.  (ECF No. 18 at 5.)

The court issued a new R&R recommending denial of both of Mr. Oliver's requests. (ECF No. 24.)  After the time for objections had passed, Judge Parrish issued a new Order adopting the recommendations of the new R&R in full (ECF No. 26.)

On December 11, 2017, Mr. Oliver filed a motion to amend the second amended complaint, this time with an attached proposed complaint. (ECF No. 28.)  Mr. Oliver claims the proposed amended complaint "fleshes out the pattern of conduct which gives rise to the allegations contained in Plaintiff's Second Cause of Action."  *Id*. at 4.  The proposed amended complaint adds about 29 new paragraphs.  (ECF 28-1; *see* ¶¶23-29, 34-37, 42-59.)  Specifically, in the First Cause of Action, Mr. Oliver has added three new constitutional theories of liability: unreasonably long detention, violation of freedom of speech and violation of freedom of assembly. *Id.* at ¶¶34-6.  Mr. Oliver also seeks to add numerous factual allegations to identify a cash card policy and/or custom and to allege causation.  *Id*. at ¶¶ 23-9, 42-59.  Notably, the practice alleged in the proposed amended complaint involves the charging of rent to inmates while incarcerated, not a cash card policy and/or custom.  *Id*. at ¶54.

Defendants oppose the motion to amend on grounds of futility and untimeliness.  (ECF No. 29.)  Defendants also ask the court to dismiss the *Second Amended Complaint* as it contains claims and parties that have already been dismissed.  (ECF No. 31.)

## DISCUSSION

## I.      MOTION TO AMEND

Federal Rule 15(a)(2) provides that a party may amend its pleading "only by leave of court or by written consent of the adverse party."[2]  The Rule specifies that the court "should freely give leave when justice so requires."[3]  "The district court has 'wide discretion to recognize a motion for leave to amend in the interest of a just, fair or early resolution of litigation.'"[4] "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[5]  The court addresses the relevant factors below.

The deadline to file motions to amend pleadings was November 28, 2017.  Two weeks later on December 11, 2017, Mr. Oliver filed his latest motion to amend– the fourth attempt to amend since this action commenced in June 2016.  The Tenth Circuit has held that denial for leave to amend is appropriate "'when the party filing the motion has no adequate explanation for the delay.'"[6]

Likewise, courts should deny a motion to amend "when it appears that the plaintiff is using Rule 15 to make the complaint 'a moving target'. . . , to 'salvage a lost case by untimely suggestion of new theories of recovery,'" . . . , to present 'theories seriatim' in an effort to avoid dismissal[.]"[7]  Mr. Oliver seeks to add three new theories of liability in the First Cause of Action: unreasonably long detention, violation of freedom of speech and violation of freedom of

---

[2] Fed. R. Civ. P. 15(a)(2).

[3] Fed. R. Civ. P. 15(a)(2).

[4] *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1187 (10th Cir. 1999)).

[5] *Id.* (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

[6] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) (*quoting Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-6 (10th Cir. 1993)).

[7] *Id.* (internal citations omitted).

assembly.  (ECF No.28-1, ¶¶ 34-6.)  He argues in his reply brief that his proposed third amended complaint is not untimely and/or a moving target because it "is not alleging anything that was not alleged in his prior Complaint."  *See* ECF No. 34 at 2.  The court however has reviewed the Notice of Claim, the original complaint, the *First Amended Complaint* and the *Second Amended Complaint* and none of these contain any factual assertions and/or references supporting claims for unreasonably long detention, violation of freedom of speech and violation of freedom of assembly.  *See* ECF No. 18 at 5; ECF No. 2-1 at 2-9; ECF No. 2-1 at 18-23; and ECF No. 19.  In fact, the proposed third amended complaint does not plead any facts to support the elements of these new theories of liability.  *See* ECF No. 28-1, *generally*.  Under these circumstances, the court has no other option but to conclude there was undue delay and Mr. Oliver is using Rule 15 to make the complaint a moving target to salvage a lost case by untimely suggestion of new theories of recovery.

"The second, and most important, factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party."[8]  Prejudice is most often found "when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues."[9]  As discussed above, here Mr. Oliver seeks to add three new theories of liability never mentioned before in any of his prior pleadings or Notice of Claim.  To allow Plaintiff to essentially add three entirely new and different claims to his suit just weeks before the close of fact discovery when he has been prosecuting this lawsuit for 21 months would unduly prejudice the Defendants.  This is especially true in light of the fact that he has had at least three other opportunities to cure deficiencies in his pleading(s) and "has

---

[8] *Id.* at 1207.

[9] *Id.* at 1208.

no adequate explanation for the delay."[10]  Accordingly, Mr. Oliver's *Motion to Amend Second Amended Complaint Pursuant to Rule 15* is DENIED.

## II.    MOTION TO DISMISS

DUCivR 15-1, requires parties moving to amend a complaint to "attach the proposed amended complaint as an exhibit to the motion for leave."  If the motion for leave is subsequently granted, the "same complaint proffered to the court" must be filed "unless the court has ordered otherwise."  [11]  Here, Mr. Oliver never filed a motion to amend with a proposed amended complaint as required by DUCivR 15.  Instead the court, due to his *pro se* status, allowed him to make his request to amend through his *Objection and Response to Defendant's Motion*.  (*See* ECF No. 8 at 2.)

In the July Order Judge Parrish: (1) dismissed all claims against Davis County Jail, Davis County Sheriff's Office, Davis County and Sheriff Richardson; (2) dismissed the First Cause of Action against Deputy Fielding and Deputy Peters; (3) allowed Mr. Oliver to amend his complaint to add a reference to 42 U.S.C. §1983 to the Second Cause of Action; and (4) dismissed the Third Cause of Action for injunctive relief.  (ECF No. 16.)  Eighteen days after Judge Parris issued the July Order, Mr. Oliver filed his *Second Amended Complaint*.  (ECF No. 19.)  Although Mr. Oliver added the reference to §1983 to the Second Cause of Action, he did not remove any of the parties and/or claims that had been dismissed pursuant to Judge Parrish's Order.

Mr. Oliver claims he did not delete the dismissed parties and/or claims because Judge Parrish's Order only ordered him to specifically amend paragraph 30 and he wanted to comply with the order.  *See* ECF No. 33.  This court does not view Judge Parrish's Order as confusing or

[10] *Smith v. Aztec Well Serv. Co.*, 462 F.3d 1274, 1285 (10th Cir. 2006).

[11] *See* DUCivR 15-1.

6

contradictory.  It expressly dismissed specific parties and claims.  Moreover, the Tenth Circuit has repeatedly insisted that *pro se* parties should "follow the same rules of procedure that govern other litigants."[12]  Finally, pursuant to Rule 7 of the Federal Rules of Civil Procedure only certain pleadings are allowed, a complaint and answer to a complaint being among them.

Accordingly, this court again dismisses all claims against Davis County, Davis County Jail, Davis County Sheriff's Office and Sheriff Richardson.  The court also dismisses the Third Cause of Action for injunctive relief. To have a clear record, this court requests that Mr. Oliver file a Third Amended Complaint that contains only the remaining defendants and causes of action in this matter pursuant to Judge Parrish's July Order within 14 days of the Court's full adoption of this Report and Recommendation.  Failure to do so may result in dismissal of this entire case.

## ORDER

For the reasons set forth above Plaintiff's Motion to Amend (ECF No. 28.) is DENIED and Defendants' Motion to Dismiss (ECF No. 31.) is GRANTED.


DATED this 6th day of March, 2018.

Brooke C. Wells
United States Magistrate Judge

---

[12] *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

**NOTICE**

The court will send copies of this Report and Recommendation to all parties, who are hereby notified of their right to object.[13]  The parties must file an objection to this Report and Recommendation within fourteen (14) days of service thereof. [14]  Failure to object may constitute waiver of objections upon subsequent review.

---

[13] *See* 28 U.S.C. § 636(b)(1); FRCP 72(b).

[14] *Id.*