IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| D. BRUCE OLIVER,<br><br>      *Plaintiff*,<br>v.<br><br>DEPUTY LARRY G. NIELSON, *et al.*,<br><br>      *Defendants*. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br><br>Case No. 1:16-cv-00155<br><br>District Judge Jill N. Parrish |

## I. BACKGROUND

On June 27, 2016, Plaintiff D. Bruce Oliver[1] initiated this action by filing a handwritten complaint in the Second District Court for Davis County, Utah. ECF No. 2-1 at 2–9 (Mr. Oliver's Initial Complaint). Mr. Oliver amended his complaint once while the case was pending in state court and alleged causes of action for: (1) unlawful search and seizure of Mr. Oliver, (2) unlawful search and seizure of Mr. Oliver's property, and (3) an injunction. First Am. Compl. ¶¶ 23–32, ECF No. 2-1 at 21–22 (Mr. Oliver's First Amended Complaint). Defendants removed the action to federal court on October 28, 2016. ECF No. 2 (Notice of Removal).

On February 9, 2017, Defendants filed a Rule 12(c) Motion for Judgment on the Pleadings (ECF No. 7). Mr. Oliver, in response to the Defendants' motion, requested leave to

---

[1] Mr. Oliver was admitted to practice law in the State of Utah in 1987. His license was suspended, and he was publically reprimanded. *See Comm. on the Conduct of Attorneys v. Oliver*, 510 F.3d 1219, 1224–25 (10th Cir. 2007) ("In suspending Mr. Oliver from the practice of law, placing him on three-year probation upon readmission, requiring re-organization of his practice, and ordering a public reprimand, the Panel did not abuse its discretion."); *In re Discipline of Oliver*, 254 P.3d 181, 181 (Utah 2011). Based on Mr. Oliver's legal background, the court does not extend to him the same leniency to which *pro se* litigants are usually entitled.

amend to correct a typo: he mistakenly omitted "42 U.S.C. § 1983" from his second cause of action. ECF No. 8 at 2 (Mr. Oliver's Objection and Response to Defendant's [sic] Motion). After reviewing the parties' briefing, Magistrate Judge Brooke C. Wells issued a Report and Recommendation (ECF No. 13) on June 8, 2017. She recommended that the court: (1) dismiss all claims against Davis County Jail, Davis County Sheriff's Office, Davis County, and Sheriff Richardson; (2) dismiss Mr. Oliver's first cause of action as to Deputy Peters and Deputy Fielding; (3) grant Mr. Oliver leave to amend so that he could include reference to 42 U.S.C. § 1983; and (4) dismiss Mr. Oliver's third cause of action for injunctive relief. ECF No. 13 at 8–9. Mr. Oliver did not object to the Report and Recommendation, and the court adopted the Report and Recommendation in full on July 31, 2017. ECF No. 16 at 1 (Order Adopting Report and Recommendation).

Mr. Oliver filed his Second Amended Complaint (ECF No. 19) on August 18, 2017. Mr. Oliver included reference to 42 U.S.C. § 1983 under his second cause of action. ECF No. 19 at 5. But Mr. Oliver also re-asserted all of the claims that had been dismissed. ECF No. 19 at 4–5. In short, the only change Mr. Oliver made in his Second Amended Complaint was to include a reference to 42 U.S.C. § 1983; he did not remove claims that the court dismissed.

Mr. Oliver, on August 18, 2017, also filed what was titled: Motion to Amend Complaint Pursuant to Rule and Motion to Alter or Ament [sic] Judgment Pursuant to Rule 59 (ECF No. 18). Mr. Oliver claimed that he never received a copy of the Report and Recommendation, and he therefore requested that he be allowed to respond to the Report and Recommendation. ECF No. 18 at 3. Mr. Oliver also requested leave to amend his complaint to include additional facts. ECF No. 18 at 3. But Mr. Oliver did not attach a proposed amended complaint to his motion.

After reviewing the parties' briefings, Judge Wells issued a second Report and Recommendation (ECF No. 24). She recommended that the court: (1) deny Mr. Oliver's motion to amend on the grounds that he did not attach a proposed amended complaint to his motion to amend, as is required by Local Rule 15-1; and (2) deny Mr. Oliver's motion to amend or alter judgment on the grounds that Mr. Oliver failed to show how the court erred when it adopted the first Report and Recommendation. ECF No. 24 at 6. Mr. Oliver did not object to the second Report and Recommendation. The court adopted the second Report and Recommendation in full on December 4, 2017. ECF No. 26 at 2 (Order Adopting Second Report and Recommendation).

Mr. Oliver filed a Motion to Amend Second Amended Complaint Pursuant to Rule 15 (ECF No. 28) on December 11, 2017. He attached to the motion a proposed version of his Third Amended Complaint (ECF No. 28-1). Mr. Oliver's proposed Third Amended Complaint adds three new theories of liability to his first cause of action: (1) unreasonably long detention; (2) violation of freedom of speech; and (3) violation of freedom of assembly. Third Am. Compl. ¶¶ 34–36. Defendants opposed Mr. Oliver's motion to amend on the grounds that the motion was untimely and amendment would be futile.

Shortly after opposing Mr. Oliver's motion to amend, Defendants filed a Motion to Dismiss Second Amended Complaint on Behalf of Defendants Nielson, Richardson, Peters, Fielding, and County Entities (ECF No. 31). Defendants argued that Mr. Oliver's Second Amended Complaint, which he had filed to correct a typo, impermissibly re-asserted claims that the court dismissed when it adopted the first Report and Recommendation.

Both the motion to amend and the motion to dismiss were referred to Judge Wells under 28 U.S.C. § 636(b)(1)(B). Judge Wells issued a third Report and Recommendation on March 6, 2018 (ECF No. 38). She recommends that the court: (1) deny Mr. Oliver's motion to amend on

the grounds that amendment would unduly prejudice Defendants and the motion to amend was untimely (*i.e.*, Mr. Oliver offered no adequate explanation for the delay); and (2) grant Defendants' motion to dismiss. ECF No. 38 at 7. Mr. Oliver objected to the third Report and Recommendation, arguing that his motion to amend was timely and that amendment would not unduly prejudice Defendants. ECF No. 39 at 2–5 (Mr. Oliver's Objection to Magistrate's Report and Recommendation). Mr. Oliver did not object to the recommendation that the court grant Defendants' motion to dismiss.

## II. DISCUSSION

If a party objects to portions of a magistrate judge's report and recommendation, the district court reviews those portions *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *see also In re Griego*, 64 F.3d 580, 583–84 (10th Cir. 1995) ("*De novo* review is required when a party files a timely written objection to the magistrate judge's recommendation."). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). As such, if neither party objects to certain portions of a report and recommendation, the district court need only determine that there is no "clear error" with respect to those portions. *See* Fed. R. Civ. P. 72(b) advisory committee's note (1983) (citing *Campbell v. U.S. Dist. Court for N. Dist. of Cal.*, 501 F.2d 196, 206 (9th Cir. 1974)).[2]

---

[2] The Tenth Circuit has adopted the firm-waiver rule. *One Parcel of Real Prop.*, 73 F.3d at 1059. Under this rule, "the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." *Id.* (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Precluding appellate review of any issue not raised in an objection "prevents a litigant from 'sandbagging' the district judge by failing to object and then appealing." *Thomas*, 474 U.S. at 147–48.

Here, Mr. Oliver objects to third Report and Recommendation to the extent it denies leave to amend. Specifically, Mr. Oliver contends that the three theories added to his proposed amended complaint—unreasonably long detention, violation of freedom of speech, and violation of freedom of assembly—were encompassed in his earlier complaints. Despite this, Mr. Oliver does not explain why he waited over two years to move to amend his complaint to include these theories.[3] The court therefore reviews *de novo* the portions of the third Report and Recommendation that deny leave to amend and reviews the remainder of the third Report and Recommendation for clear error. Based on the court's review of the record, the relevant legal authority, and the third Report and Recommendation, the court concludes that the third Report and Recommendation is a correct application of the law to the facts. Accordingly, the court adopts the third Report and Recommendation in full.

The court also denies Mr. Oliver's motion to amend on the grounds that he has not shown "good cause" to modify the Scheduling Order, as required by Rule 16(b)(4), nor has he moved to modify the Scheduling Order. *See Gorsuch Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) ("After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard."). The Scheduling Order (ECF No. 20) set November 28, 2017, as the deadline for filing motions to amend. But Mr. Oliver filed his motion for leave to amend on December 11, 2017, twelve days after the deadline. Mr. Oliver does not address

---

[3] Mr. Oliver, in his objection to the third Report and Recommendation, states that "the delay was 2 weeks." ECF No. 39 at 3. Presumably, Mr. Oliver is referring to the fact that Scheduling Order (ECF No. 20) set the "Last Day to File Motion to Amend Pleadings" as November 28, 2017. Thus, Mr. Oliver moved to amend his complaint about two weeks after the deadline for filing motions to amend. But under Rule 15(a)(2), the relevant inquiry is whether a party unduly delayed in moving to amend their complaint, not whether the party unduly delayed in moving to amend the scheduling order.

whether there is good cause to modify the Scheduling Order, and more importantly, he does not move to modify the Scheduling Order. The typical *pro se* litigant may not understand the need to modify the Scheduling Order in these circumstances, but Mr. Oliver is not the typical *pro se* litigant: he appeared frequently before this court and practiced law for over nineteen years. *See Comm. on the Conduct of Attorneys v. Oliver*, No. 2:06-mc-952-TS, ECF No. 30 at 12 (D. Utah Feb. 27, 2017). Accordingly, even if Mr. Oliver satisfied the Rule 15(a) standard (he did not), the court denies Mr. Oliver's motion to amend on the grounds that he has not moved, let alone shown good cause, to modify the Scheduling Order.

### III. CONCLUSION AND ORDER

For the reasons set forth above, it is HEREBY ORDERED:

1. The third Report and Recommendation (ECF No. 38) is ADOPTED IN FULL;

2. Mr. Oliver's Motion to Amend Second Amended Complaint (ECF No. 28) is DENIED;

3. Defendants' Motion to Dismiss Second Amended Complaint on Behalf of Defendants Nielson, Richardson, Peters, Fielding, and County Entities (ECF No. 31) is GRANTED;

4. Davis County Jail, Davis County Sheriff's Office, Davis County, and Sheriff Richardson are DISMISSED as defendants;

5. Mr. Oliver's First Cause of Action is DISMISSED as to Deputy Peters and Deputy Fielding; and

6. Mr. Oliver's Third Cause of Action is DISMISSED;

7. Mr. Oliver is ORDERED to file a proposed Third Amended Complaint that contains only the remaining defendants and causes of action in this matter, as reflected by this order. Mr. Oliver shall have 21 days from the date of this order to

file his proposed Third Amended Complaint. Failure to comply with this order may result in sanctions, including dismissal of the action.

Signed April 5, 2018

                                      BY THE COURT

                                      _____
                                      Jill N. Parrish
                                      United States District Court Judge